IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERMOND SANTANNA, | : | No. 3:12cv1240 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| DELAWARE AND HUDSON | : | |
| RAILWAY COMPANY INC. d/b/a | : | |
| CP RAIL SYSTEMS, | : | |
| Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

# MEMORANDUM

Before the court for disposition is the defendant's proposed jury instruction number 19 wherein defendant seeks to preclude testimony regarding ballast used to support the railroad track structure. (Doc. 50 at 20). The proposed jury instruction will be denied.[1]

**Discussion**

Defendant argues that, to the extent plaintiff alleges that his knee injuries were caused by uneven ballast stone, this claim is precluded by the Federal Railway Safety Act ("FRSA"), 49 U.S.C. § 20101, *et seq.* Defendant's argument is based on a case from the Sixth Circuit holding that: 1) claims under the Federal Employer's Liability Act ("FELA") are

---

[1] The court will dispose of the remaining proposed jury instructions at the charge conference to be held before closing arguments. We write separately on this issue because the defendant has filed a "trial brief" addressing its position. (Doc. 72).

precluded by the FRSA to the extent such claims are preempted if brought by a non-employee under state law, and 2) the FRSA preempts state law claims that relate to the ballast used to support track structures. <u>Nickels v. Grand Trunk W. R.R.</u>, 560 F.3d 426 (6th Cir. 2009). This case is unpersuasive for three reasons.

    First, FRSA preemption is based on whether a regulation covers the subject matter of the state law or claim, so precision in framing the subject matter of the claim is imperative. The claims in the <u>Nickels</u> case, however, are not the same as the claims here. The plaintiff in <u>Nickels</u> claimed that the railroad was negligent in its choice to use large ballast instead of small ballast in certain areas. The claim in the present case, if it relates to ballast at all, is that the surfaces created by the ballast were uneven and unreasonably unsafe.

    Second, the <u>Nickels</u> case based its holding that FELA claims can be preempted by the FRSA on an expansive reading of the preemption section of the FRSA. Section 20106 provides that state law is preempted by the FRSA where a regulation or order promulgated under the Act "cover[s] the subject matter of the State requirement." The section does not expressly preempt federal law. The Sixth Circuit applied preemption

2

to FELA claims in the interests of maintaining uniformity in the requirements placed on railroads. Further, this is not the law in the Third Circuit. Only one Eastern District case has addressed the issue, following the Sixth Circuit without much discussion. <u>Brenner v. Consol. Rail Corp.</u>, 806 F. Supp. 2d 786 (E.D. Pa. 2011).

The third, and most compelling, reason not to follow the Sixth Circuit on this question is that the regulation the defendant relies upon does not cover the subject matter at issue in this case. The regulation issued by the Secretary of Transportation states:

> Ballast; general. Unless it is otherwise structurally supported, all track shall be supported by material which will -
> (a) Transmit and distribute the load of the track and railroad rolling equipment to the subgrades;
> (b) Restrain the track laterally, longitudinally, and vertically under dynamic loads and posed by railroad rolling equipment and thermal stress exerted by the rail;
> (c) Provide adequate draining for the track; and
> (d) Maintain proper track cross-level, surface, and alinement.

49 C.F.R. § 213.103. The regulation does not address worker safety nor the grading of surfaces upon which employees are required to walk, and says nothing about the size of the ballast to be used. The regulation simply sets the base requirements that must be met in the use of ballast; the railroad is still under a duty to apply due care in adhering to this

standard.  Therefore, even assuming *arguendo* that Nickels is on point and that the FRSA can preempt FELA claims, the claim presently before the court would not be preempted.

The defendant also argues that because the regulation leaves the type and size of ballast to be used up to the discretion of the railroad, the railroad cannot be held to be negligent in making any choice available to it within that discretion.  This turns the law of negligence on its head.  If the regulation was prescriptive as to the type and size of ballast to be used, removing the choice from the railroad's discretion, then it might be true that the company could not be held negligent for complying with the requirement of the law.  But it is simply backward to say that because the company had discretion on this point, it cannot possibly have exercised that discretion in a negligent manner.  It is precisely upon an employer's exercise of discretion that the FELA places the duty of reasonable care in order to safeguard the well-being of employees.  The defendant can, of course, present evidence that its exercise of that discretion was not negligent, but this claim is not preempted.

**Conclusion**

The defendant's proposed jury instruction number 19 will be

**DENIED**. An appropriate order follows.


**Date:12/5/14**               **s/ James M. Munley**
                               **JUDGE JAMES M. MUNLEY**
                               **United States District Court**