# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERMOND SANTANNA, : | No. 3:12cv1240 |
|     Plaintiff : | |
| : | (Judge Munley) |
| v. : | |
| : | |
| DELAWARE AND HUDSON : | |
| RAILWAY COMPANY INC. d/b/a : | |
| CP RAIL SYSTEMS, : | |
|     Defendant : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition is plaintiff's appeal of and objections to the Clerk of Court's award of defendant's bill of costs. (Doc. 101). The parties have fully briefed the issues and the motion is ripe for disposition. For the reasons stated below, the court will rule in plaintiff's favor and strike the Clerk of Court's award.

**Background**

The Delaware and Hudson Railroad Corporation (hereinafter "D&H") hired Plaintiff Ermond Santanna (hereinafter "plaintiff") in 1977. Plaintiff worked for D&H and then for the defendant, D&H's successor company, until December 2011 when defendant removed him from service due to the deteriorating condition of his knees.

Plaintiff initiated this action on June 28, 2012, pursuant to the Federal Employer's Liability Act, 45 U.S.C. §§ 51-60, for injuries and

damages allegedly sustained during the course of his employment with defendant.  (Doc. 1, Compl.).  After a three-day trial, the jury rendered a verdict for the defendant on December 10, 2014.  (Doc. 91).  Defendant subsequently filed a bill of costs, to which plaintiff timely objected.  (Docs. 94, 97).  The Clerk of the Court rendered judgment in favor of defendant, taxing $2,466.61 against plaintiff on March 17, 2015.  (Docs. 99, 100).  Plaintiff appealed the Clerk's judgment on March 24, 2015.  (Doc. 101).  The parties have fully briefed the issues, and the appeal is ripe for determination.

**Jurisdiction**

Because this case is brought pursuant to the Federal Employer's Liability Act, 45 U.S.C. §§ 51-60, the court has jurisdiction pursuant to 28 U.S.C. § 1331.  ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Standard of Review**

The district court reviews the Clerk of Court's taxation of costs de novo.  Reger v. Nemours Found. Inc., 599 F.3d 285, 288 (3d Cir. 2010) (citing In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 458 (3d Cir. 2000)).

**Discussion**

Plaintiff objects to the taxation of costs because 1) he is indigent, and 2) certain costs are inappropriate. Defendant counters that plaintiff has not met his burden of proof on the question of indigence, and that all costs were properly awarded. As explained below, the question of indigence is dispositive of the motion.

"Unless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). The Rule's use of the permissive "should" instead of the mandatory "shall" indicates that "Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party." Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 442 (U.S. 1987) (superseded by statute on other grounds).

Notwithstanding that grant of discretion, the Rule creates a "strong presumption" that costs authorized for payment will be awarded to the prevailing party. Reger, 599 F.3d at 288 (quoting In re Paoli, 221 F.3d at 461). "'Only if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party.'" Id. (quoting In

re Paoli, 221 F.3d at 462-63).  Thus, once the prevailing party establishes its costs of litigation, the burden is on the losing party to persuade the court to reduce or deny those costs.

In reviewing a Clerk of Court's award of costs, the district court may not consider "'(1) the losing parties' good faith in pursuing the instant litigation; (2) the complexity or closeness of the issues-in and of themselves-in the underlying litigation; or (3) the relative disparities in wealth between the parties." In re Paoli, 221 F.3d at 462.  A court may, however, weigh the following factors: "(1) the prevailing party's unclean hands, bad faith, dilatory tactics, or failures to comply with process during the course of the instant litigation or the costs award proceedings; and (2) each of the losing parties' potential indigency or inability to pay the full measure of a costs award levied against them." Id. at 468.

The facts as to plaintiff's disability and consequently reduced income are not in dispute.  Due to physical disability, defendant removed plaintiff from service as a railroad employee in 2011.  Since then, plaintiff's only income is a disability benefit of $3,203.45 per month.  (Doc. 28-4, Pl. Expert Report at 2; Doc. 102, Def.'s Br. at 3).

The Third Circuit has held that

> In assessing the Plaintiffs' indigency or modest means . . . the Court should measure each Plaintiffs' financial condition as it compares to whatever the Court decides to tax against him or her. . . . Once this initial parsing is done, however, there are no hard and fast rules for assessing a losing party's indigency or inability to pay; district courts should use their common sense in making this determination.

In re Paoli, 221 F.3d at 464.

To summarize the facts before the court, defendant seeks $2,466.61 in costs from plaintiff, a disabled individual whose monthly income totals $3,203.45. A simple calculation demonstrates that the costs sought by defendant amount to 77% of plaintiff's monthly disability stipend. It would be unreasonably onerous to burden plaintiff with such an obligation.

Defendant argues that plaintiff lives with his wife and daughter, both of whom are employed. (Doc. 102, Def.'s Br. at 3). Plaintiff's wife and daughter are not parties to this action, nor does defendant seek to tax costs against them. The record fails to establish that plaintiff's own income is augmented somehow by his wife's or daughter's employment, and defendant offers no reason, legal or otherwise, that we should consider any income but plaintiff's in a weighing of the equities here.

Defendant further posits that because the yearly aggregate of plaintiff's monthly stipend exceeds poverty guidelines, he cannot possibly

5

be unable to pay an award of costs. Defendant cites no legal authority for this proposition. Moreover, defendant fails to recognize the realities of life on a fixed income when it compares plaintiff's yearly income with the $2,466.61 bill of costs. If we affirm the Clerk of Court's award, plaintiff will have to make a lump sum payment which would substantially reduce his income for the month in which he does so, reducing that income to far below the poverty rate as cited by defendant. Under circumstances like plaintiff's, who apparently has not the luxury of excess income he might save for emergencies, a single large expense can be catastrophic. In other words, as plaintiff has no piggy bank to break, his yearly income is irrelevant in this analysis.

Common sense dictates that we look not at what plaintiff might accumulate over a year if he refrained from spending any of his income (including for taxes), but rather to what resources plaintiff is likely to have on hand at any given time. His monthly stipend is a far better yardstick by which to assess his ability to pay these costs. And by that yardstick, we hold it would be inequitable to place so heavy a financial burden on plaintiff. Accordingly, we will sustain plaintiff's objections and grant his appeal of the Clerk's award of costs.

Because we will grant the appeal based upon plaintiff's inability to pay the costs, we need not address plaintiff's itemized objections to particular costs.

**Conclusion**

For the reasons articulated above, plaintiff's appeal of the Clerk of Court's award of costs (Doc. 101) will be granted and the Clerk of Court's award will be stricken. An appropriate order follows.

**DATE:10/6/15**　　　　　　　　　　　　**s/ James M. Munley**
　　　　　　　　　　　　　　　　　　　**JUDGE JAMES M. MUNLEY**
　　　　　　　　　　　　　　　　　　　**United States District Court**